# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| LARISSA ETTORE, | CASE NO. 16cv2915-LAB (BGS) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR EARLY DISCOVERY; AND** |
| vs. | |
| DAVID CALVO, et al., | **ORDER CONTINUING BRIEFING SCHEDULE AND HEARING ON MOTIONS TO DISMISS** |
| Defendants. | |

Plaintiff Larissa Ettore originally filed her claims against Defendants Ronald Huxtable and David Calvo as a third party complaint in the related case of *Ayers v. Lee*, 14cv542-LAB (BGS). Huxtable and Calvo then moved to dismiss for lack of personal jurisdiction. Because *Ayers* was already winding down at that point, and because Ettore's claims had no direct relationship to the claims pending in *Ayers*, the Court severed those claims and directed Ettore to file a new complaint.

Defendants then filed motions to dismiss for lack of personal jurisdiction. (Docket nos. 4 and 5.) Huxtable's motion also sought dismissal for improper venue; and Calvo's, for failure to state a claim. Plaintiff Larissa Ettore moved to continue the hearing on those motions, and also for early jurisdictional discovery.

/ / /

/ / /

**Discussion**

The fact that Ettore filed her claims in a case where the Court already had personal jurisdiction over the other parties does not mean the Court has jurisdiction over Huxtable and Calvo.

Their motions point out that the underlying claims in this case arose primarily in Nevada, and that neither of them is resides here or resided here at the time the claims arose. Huxtable and Calvo are residents of Florida and Texas, respectively. They also argue that neither of them directed their actions towards this District or towards California, so as to make personal jurisdiction or venue proper here.

Ettore argues that she has a colorable claim that the Court can exercise personal jurisdiction over Defendants. She bases this on the complaint in *Ayers*. She refers to an order by the SEC, which she attaches to her complaint. She alleges that some defendants in the related case, *Ayers v. Lee*, were located in this District, or in California. She also refers generally to claims that Calvo and Huxtable assisted James Yiu Lee in his scam. Ettore resides in this District, but does not allege that Calvo or Huxtable had any contact with her here.

The *Ayers* complaint does not mention California as the situs for any part of the claims, though it does mention a number of other states. *Ayers* was originally filed in the District of Nevada, and transferred to this District only when the defendants waived their objections to defective venue, so that the case could be adjudicated along with the related case, *S.E.C. v. Lee*, 14cv347-LAB (BGS), which was then pending in this District.

The SEC order (Complaint, Ex. B) does not identify any connection between the underlying claims and this District. It identifies various things Huxtable and Lee did, the bulk of which appear to have taken place either in Florida, Nevada, Colorado, or in some place where one of the *Ayers* plaintiffs lived. The only apparent connection between Huxtable and this District is that Huxtable sent communications to Lee, and Lee was a resident of this District. But the *Ayers* complaint makes clear much of what Lee did occurred in Nevada,
/ / /

Colorado, or other states. And in any case, even if Huxtable had some connection with this District, it would not give the Court any basis for exercising personal jurisdiction over Calvo.

"It is clear that the question of whether to allow discovery is generally within the discretion of the trial judge. However, where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed." *America West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989). Where the movant can point to "little more than a hunch that [early discovery] might yield jurisdictionally relevant facts," denial of discovery is appropriate. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Courts in this circuit have required plaintiffs to present at least a colorable basis for jurisdiction. *See Calix Networks, Inc. v. Wi-Lan, Inc.*, 2010 WL 3515759, at *4 (N.D. Cal., Sept. 8, 2010).

Here, Ettore has not even presented a colorable basis for personal jurisdiction. None of the pleadings or evidence she points to suggest that there might be evidence showing that either Huxtable or Calvo might be subject to personal jurisdiction in this District. The case for jurisdiction over Calvo is even weaker, because he is not named in the SEC order. Furthermore, unlike some other cases, alternative venues are available where jurisdiction would be proper. At a bare minimum, personal jurisdiction would be proper in the two districts where Calvo and Huxtable reside. The claims might need to be severed in order to be transferred there. Another possibility is the District of Nevada, where most of the underlying claims arose.

**Conclusion and Order**

The motion for early jurisdictional discovery is **DENIED**. Ettore requested that the hearing on the two motions to dismiss be continued to allow her to seek early discovery. But during the pendency of her *ex parte* discovery request, the deadline to file her oppositions to the Defendants' two motions passed.

Ettore may file her oppositions to the two motions by **Monday, April 24, 2017** and Defendants may file their reply briefs by **Monday May 1, 2017**. The hearing on the two motions is **CONTINUED** from Monday, April 3 to **Monday, May 8, 2017 at 11:15 a.m.** The

/ / /

parties should bear in mind that the Court may vacate the hearing if it determines oral argument is not necessary.

**IT IS SO ORDERED**.

DATED: March 29, 2017

_[signature: Larry A. Burns]_

**HONORABLE LARRY ALAN BURNS**
United States District Judge